UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ROGER BURKEEN, | ) |
|     on behalf of himself and all others similarly situated, | ) |
|     Plaintiffs, | ) |
| vs. | ) Case No. 1:12-cv-154 SNLJ |
| NEW MADRID COUNTY AMBULANCE DISTRICT, | ) |
|     Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff filed a two-count complaint against defendant New Madrid County Ambulance District, seeking to recover from defendants for violations of the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA"). Plaintiff has filed a motion to conditionally certify the class he seeks to represent (#12). Defendant does not contest that conditional class certification is appropriate, but it does raise questions regarding the application statute of limitations, the amount of information to be disclosed regarding putative class members, the method of distribution of the class notice, and the notice itself. Defendants have also filed a motion to amend the plaintiff's proposed notice (#19). The matter has been fully briefed and is now ripe for disposition.

**I.  Background**

Plaintiff alleges that defendant employs paramedics and emergency medical technicians ("EMTs") to provide emergency medical services. Plaintiff alleges that defendant required those

employees to work in excess of forty hours per workweek without paying them overtime wages, in violation of the FLSA. Plaintiff Roger Burkeen also alleges that defendant retaliated against him when he complained about the FLSA violations by subjecting him to disciplinary action and suspending his employment.

## II. Motion to Conditionally Certify Class

Under 29 U.S.C. § 216(b), an employee may bring an action under the FLSA on his own behalf as well as for those "similarly situated." The FLSA does not define "similarly situated," and the Eighth Circuit has not addressed what standard should be applied to the phrase. *Huang v. Gateway Hotel Holdings*, 248 F.R.D. 225, 227 (E.D. Mo. 2008). However, district courts in this Circuit have conducted a two-step analysis to determine whether employees are "similarly situated." *Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1016-17 (E.D. Mo. 2010). The first step is the "notice stage," in which plaintiffs seek early conditional class certification and notify potential class members of the case. *Id.* The second step is the "merits stage," which takes place after discovery and during which defendants may move to decertify the class. *Id.* at 1017. We are in the first stage of that analysis.

Plaintiff's burden at the "notice stage" is not onerous: conditional certification "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Id.* Defendant concedes that plaintiff has met that burden.

However, defendant takes issue with (1) the applicable statute of limitations, (2) the plaintiff's motion for disclosure of information relating to putative class members, (3) the

plaintiff's motion for facilitation of class notice, and (4) the content of the notice itself. Each of the issues raised by defendants is discussed in turn below.

   1.   **Applicable Statute of Limitations**

Plaintiff seeks conditional class certification of all paramedics and EMTs who have worked for defendant at any time in the last three years. Defendants agree to a two-year time period. The FLSA requires that a civil enforcement action be commenced within two years after the cause of action accrued, except that a cause of action arising out of a "willful" violation may be commenced within three years. *Laughlin v. Richland Shoe Co.*, 486 U.S. 128, 128-36 (1988). In order to invoke the three-year statute of limitations, plaintiff must show that the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute. *Id.* at 133.

Whether a violation is willful is a fact question that is often addressed at summary judgment or at trial. *Littlefield v. Dealer Warranty Services, LLC*, 679 F. Supp. 2d 1014, 1019 (E.D. Mo. 2010) (citing *Houston v. URS Corp.*, 591 F. Supp. 2d 827, 836 (E.D.Va. 2008)); *see also Jarrett v. ERC Props., Inc.*, 211 F.3d 1078, 1082 (8th Cir. 2000) (jury determined willfulness). At this stage in the proceedings, judicial economy is served by conditionally certifying a larger, more inclusive class. *Littlefield,* F. Supp. 2d at 1019 ; *see also Kautsch v. Premier Comms.*, 504 F. Supp. 2d 685, 690 (W.D. Mo. 2007) (approving notice to class with three-year statute of limitations). Defendant argues that, despite numerous allegations regarding willfulness in plaintiff's complaint, plaintiff's affidavits submitted with their motion for conditional class certification do not support the allegations of willful conduct. Plaintiff's declarations state that they heard the defendant's managers and supervisors state "that the District

3

does not pay overtime rates (over and above the regular hourly rates) to paramedics and EMTs for time worked over 40 hours in a workweek, and that this pay practice was the District's policy." Although defendant is correct that, standing alone, plaintiff's declarations do not support that the defendant knew its policy violated statute, the allegations in the complaint make clear that plaintiff Burkeen complained about the policy, and, in fact, Burkeen alleges that he was retaliated against for his complaints. The Court will thus conditionally certify the a class with a three-year statute of limitations.

    **2.**    **Disclosure of information related to putative class members**

Plaintiff has requested that defendant be ordered to supply plaintiff's counsel with putative class members' names, addresses, phone numbers, e-mail addresses, dates of employment, and location of employment in a readable electronic format. Plaintiff seeks the information so that they may notify potential class members of the litigation and offer them an opportunity to opt in. Defendant objects on the grounds that the request is overly broad, duplicative, and not necessary — defendant proposes that it provide only names, dates of employment, and last known addresses. This Court has denied requests for phone numbers in the past (*see Littlefield*, 679 F.Supp 2d at 1018), but this Court has also, at times, permitted disclosure of phone numbers and e-mail addresses (*see Simmons v. Enterprise Holdings, Inc.*, 4:10cv625 AGF, 2011 WL 855669 (E.D. Mo. Mar. 9, 2011) (phone numbers and e-mails); *Greenwald v. Phillips Home Furnishings Inc.*, 4:8cv1128 CDP, 2009 WL 259744 (E.D. Mo. Feb. 3, 2009) (phone numbers)). The Court does not agree that plaintiff's request calls for duplicative information. Information such as e-mail addresses and phone numbers, in addition to physical addresses, may be helpful if the defendant's employees have moved. To the extent the defendant

possesses information regarding telephone numbers and e-mail addresses, they will be ordered to provide that information. However, because it is not clear to the court why "location of employment" is information necessary to locate potential class members, particularly in light of the other information disclosed and the methods of distribution, the Court will not order that defendant provide that information.

3. **Facilitation of class notice**

Plaintiff requests that the Court authorize him to disseminate notice to the putative class members at their last-known mailing address, by e-mail, by requiring defendant to conspicuously post the notice in any and all break rooms during the opt-in period, and by ordering defendant to distribute notices with pay stubs or pay checks. Defendant objects to posting notices in its breakrooms and distributing notices with pay stubs or pay checks. With respect to posting notices in breakrooms, defendant contends that doing so would interfere with its operation of providing emergency services by "jeopardiz[ing] the cohesiveness necessary to provide . . . medical services in a rural area." Defendant provides no elaboration or citation in support of this contention, and the Court will overrule the objection.

With respect to including notices with pay stubs or pay checks, defendant objects because it would force defendant to bear the cost of disbursement. Plaintiff responds that because the checks are already being mailed, the inclusion of the court-approved notice will not create any additional costs. The Court agrees in principle; however, without knowing more about how the defendant distributes its pay stubs and paychecks (*e.g.*, through a third party, or through on-site means; by mail, e-mail, or otherwise), it may be that including a multi-page notice with the pay stubs or pay checks would create undue burden. It also seems unnecessary given that current

5

employees may be reached by methods (perhaps more than one method) already approved by the Court — by mail, e-mail, and posting in breakrooms — and thus mailings with pay stubs or pay checks do not appear to be necessary at this time.

**4.      Content of the Notice**

Defendant has a few interrelated substantive objections to the plaintiff's proposed Notice itself. First, defendant contends that the plaintiff's proposed Notice should state that the plaintiffs are free to select their own counsel, and that the Notice should not require (as it does in its proposed form) the opt-in plaintiffs to accept the current plaintiffs' counsel. Plaintiff argues that including the information proposed by defendant would be confusing and would invite unnecessary complexity. The Court agrees with plaintiff. Defendant has cited no authority in support of its position. As plaintiff points out, if a putative class member intends to join this existing lawsuit and signs the consent, then he or she agrees to become part of the class and be represented by class counsel. Otherwise, the individual can choose to pursue a separate action against defendant or simply not participate at all. The text of the Notice already makes that point clear, and defendant's objection is therefore overruled.

Second, defendant proposes adding a statement to the Notice setting forth the legal obligations that the putative plaintiff may incur by participating in the class action. Defendant proposes the following language:

> I understand that by electing to participate in this lawsuit, I will be required to fulfill my legal obligations in order to participate in this litigation, including answering written requests for information and personally appearing to testify at designated times for depositions, hearings, and even trial.

Plaintiff argues that potential class members reading that language would likely be discouraged from opting-in to the lawsuit. Defendant argues that the language should be included in the interest of complete accuracy; in fact, this Court has recently ordered that similar language be included in FLSA class action notices. *See Halsey v. Casino One Corp.*, 4:12cv1602-CDP, 2012 WL 6200531, *3-5 (E.D.Mo. Dec. 12, 2012); *Kennedy v. Boulevard Bank*, 4:12cv40-JCH, 2012 WL 3637766, *4-5 (E.D.Mo. Aug. 22, 2012). However, plaintiff's proposed notice already includes the statement, "If you choose to join this lawsuit, you may be required to respond to written requests for information and documents, and appear for depositions, hearings or trial."[1] The Court finds plaintiff's proposed language to be adequate.

Finally, defendant requests that its attorneys' contact information be included "so as to avoid any unfair prejudice to defendant through unequal access by putative plaintiffs or other parties interested in obtaining more information about the position of the defendant." Defendant provides no support for this suggestion, which the Court finds to be likely to lead to confusion. Defendant's request is denied.

### III. Conclusion

The Court conditionally certifies the class with a three-year statute of limitations. Defendant shall provide plaintiffs with putative class members' names, addresses, phone numbers, e-mail addresses, and dates of employment in a readable electronic format within 21 days. Plaintiff may disseminate the proposed Notice filed with plaintiff's motion to the putative

---

[1] Plaintiff objects to defendant's proposed language because it uses the plural "depositions and hearings." Defendant agreed to change the language to the singular form of the words. The Court is puzzled, however, because plaintiff's proposed language also uses the plural "depositions and hearings." The plaintiff's original proposed language will be adopted.

7

class members by means of mailing to last-known mailing address and by e-mail, and the defendant shall also conspicuously post the notice in any and all break rooms during the opt-in period.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to conditionally certify the class (#12) is **GRANTED in part** and **DENIED in part**, as provided herein.

**IT IS FURTHER ORDERED** that defendant's motion to amend the plaintiff's proposed Notice (#19) is **DENIED**.

Dated this __8th__ day of March, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE